UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN IRA GRANT | CIVIL ACTION NO. 09-0436 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| N. BURL CAIN, WARDEN | MAGISTRATE JUDGE HORNSBY |

**JUDGMENT**

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law, the Court finds that Petitioner's claims are without merit.

The Court takes especial notice of Petitioner's claim for prosecutorial misconduct regarding the prosecutor's reference to Petitioner's not testifying. A writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28. U.S.C. § 2254 (2012). Generally, a prosecutor's comment on a defendant's failure to testify violates the Fifth Amendment right against self-incrimination. Griffin v. California, 85 S.Ct. 1229 (1965). The Fifth Circuit has addressed the standard as to when such comments rise to a level that violate a defendant's Fifth Amendment right. See United States v. Blankenship, 746 F.2d 233 (5th Cir. 1984). This test, so-called the "alternative test," states

> whether the 'manifest intent' was to comment on the defendant's silence or, alternatively, whether the character of the remark was such that the jury

>would 'naturally and necessarily' construe it as a comment on the defendant's silence. Both the intent of the prosecutor and the character of the remarks are determined by reviewing the context in which they occur, and the burden of proving such intent is on the defendant.

Id., citing United States v. Shaw, 701 F.2d 367, 381-82 (5th Cir. 1983), cert. denied, 465 U.S. 1067 (1984).

Furthermore, the relevant question is not whether a jury possibly or even probably would construe the argument as a comment on the defendant's silence, but whether a jury would necessarily construe it as such. Lee v. Michael, 2012 WL 1621369 (5th Cir. 2012). Prosecutorial comments emphasizing the strength of the State's case or those made concerning the failure of the defense, as opposed to the defendant, to counter or explain the State's evidence does not infringe the Fifth Amendment privilege. See Montoya v. Collins, 955 F.2d 279, 287 (5th Cir. 1992); Lee v. Michael, supra.

This Court has reviewed the prosecutor's comments in question and has come to the conclusion that, when examined in context, as a whole, they do not rise to the level violative of the defendant's Fifth Amendment right. As the Magistrate Judge points out, the Prosecutor's comments highlighted the strength of the State's case and noted a failure of defense put forth. None of the comments drew attention to the fact that Petitioner did not testify.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court, after considering the record in this case

and the standard set forth in 28 U.S.C. Section 2253, denies a certificate of appealability because the applicant has not made a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 14th day of August, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE